IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Robert H., *Plaintiff*, v. Frank J. Bisignano, Commissioner of Social Security, *Defendant*. | Case No. 3:23-cv-50306 Honorable Michael F. Iasparro |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert H. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying his applications for disability insurance benefits and supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

**BACKGROUND**

Plaintiff protectively filed applications for supplemental security income and disability insurance benefits, alleging a disability onset date of September 25, 2020. R. 457, 464. Following a hearing, an administrative law judge ("ALJ") issued a decision on November 23, 2022, finding that Plaintiff is not disabled. R. 17-36. The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> occasionally climb ramps, stairs, ladders, ropes and scaffolds; occasionally balance; frequently stoop, kneel, crouch and crawl; occasionally reach overhead and frequently reach in all other directions; can have occasional exposure to unprotected heights, dangerous heavy moving machinery and vibration; understand, remember and carry out simple 1-2 step instructions; use judgment limited to simple work related decisions; can have occasional interaction with supervisors, coworkers and the general public; not able to perform collaborative or tandem work with coworkers; and able to adapt to a predictable, routine work setting.

R. 23-24. The ALJ found that Plaintiff is unable to perform past relevant work, but that there are other jobs that he can perform that exist in significant numbers in the national economy. R. 33-35.

The Appeals Council denied Plaintiff's request for review on June 30, 2023, making the ALJ's decision the final decision of the Commissioner. R. 1-6; 20 CFR § 404.900(a)(5), 416.1481.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 7.

1

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff's sole argument on appeal is that the Commissioner failed to meet its burden at step five of the disability analysis.[2] Plaintiff argues that the vocational expert ("VE") provided "no evidence of a methodology to estimate job numbers" and the ALJ failed "to inquire about any real or apparent conflict" in the VE's testimony. Dkt. 14, at *3, 11.

Irrespective of any merits this argument may have (which, as discussed further below, are not in abundance), the Commissioner argues that any challenge to the VE's testimony was forfeited due to Plaintiff's failure to object during the hearing. Dkt. 21, at *5. Plaintiff does not dispute that he failed to object but instead argues that there can only be substantial evidence at step five "after a VE actually articulates a specific method" by which he estimated job numbers. Dkt. 14, at *5-7. This exact argument was recently raised in *Thorpe v. Bisignano*, No. 24-2214, 2025 WL 2169309 (7th Cir. July 31, 2025). There, the claimant "assert[ed] that he was not obligated to challenge the expert testimony because the record did not contain sufficient evidence from which an ALJ could make a reasonable assessment of the relevant factors." *Id.* at *3. Just as it has done on multiple occasions, the Seventh Circuit rejected this argument and found that the claimant "was required to object to the expert testimony at the hearing to preserve his right to challenge the methodology at

---

[2] Before addressing this argument, the Court notes that "arguments unsupported by legal authority" are waived. *Schaefer v. Universal Scaffolding & Equipment, LLC*, 839 F.3d 599, 607 (7th Cir. 2016). Despite this requirement, Plaintiff heavily relies on out-of-circuit, non-binding (and contradictory) case law and misstates several holdings from this circuit. The Court has taken the time and care necessary to address Plaintiff's argument but in the future, counsel should take care to correctly cite cases that do not conflict with precedent this Court is bound to follow.

a later proceeding." *Id.* at *4; *see also Schmitz v. Colvin*, 124 F.4th 1029, 1033 (7th Cir. 2024) ("[A]ssuming there are no obvious flaws in the testimony, where a claimant has failed to put the vocational expert's foundation or methodology into issue and the expert's testimony is otherwise uncontradicted, the ALJ is entitled to credit that testimony."); *Leisgang v. Kijakazi*, 72 F.4th 216, 220 (7th Cir. 2023) ("[A] claimant may not start objecting to unquestioned and uncontradicted VE testimony in federal court after the closure of the administrative record."); *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) ("[A]n expert is free to give a bottom line, provided that the underlying data and reasoning are available *on demand*.") (emphasis added). Just like the claimant in *Thorpe*, Plaintiff ""forfeited his ability to challenge the testimony and cannot prevail on this issue on appeal." *Thorpe*, 2025 WL 2169309, at *3.

Even without such forfeiture, Plaintiff's argument that the VE's testimony failed to provide substantial evidence for the ALJ's step five determination has no merit. To survive judicial review, the VE's "estimation of job numbers must provide a modicum of confidence in its reliability." *Thorpe*, 2025 WL 2169309, at *4 (internal citation marks omitted). Despite Plaintiff's contention to the contrary, the VE confirmed on multiple occasions that his testimony was not just consistent with the Dictionary of Occupational Titles ("DOT") but also "based on [his] knowledge, training, education, and experiences." R. 1619, 1625, 1627, 1629. "Just as [the Seventh Circuit has] encouraged, the VE here brought his extensive experience to bear on the reality of those numbers, rather than mechanically rely on outdated sources like the Bureau of Labor Statistics database." *Hohman v. Kijakazi*, 72 F.4th 248, 253 (7th Cir. 2023) (internal quotation marks omitted). This certainly provides the "sufficient indicia of reliability" needed for the ALJ to rely on the VE's testimony. *Thorpe*, 2025 WL 2169309, at *4.

Plaintiff makes another attempt at invalidating the ALJ's step five determination by arguing that the ALJ failed to satisfy her "affirmative duty to inquire about any real or apparent conflict between VE evidence and the DOT." Dkt. 14, at *11. Social Security Regulations do place such a duty on the ALJ. SSR 00-4p, 65 Fed. Reg. 75759-01, 75759 (Dec. 4, 2000). However, this duty is not triggered when "nothing in the VE's testimony suggested that he was defining the jobs that he discussed in a way that was at odds with, or might be at odds with, the definitions set forth in the DOT." *Schmitz*, 124 F.4th at 1035 (citation modified).

Plaintiff points to two "apparent conflicts" in the VE's testimony.[3] First, Plaintiff's inability to perform tandem tasks allegedly conflicts with the "obvious" need to perform tandem tasks during the training period for the housekeeper job. Dkt. 14, at *12. Plaintiff does not point to, nor does the Court find, anything in the DOT definition of this housekeeper role that includes or even suggests this "obvious" requirement. Instead, Plaintiff largely relies on an out-of-circuit, non-binding opinion in which the VE testified that over-the-shoulder supervision or tandem tasks "would be an obstacle" for the housekeeper position.[4] *Reed v. Comm'r of Soc. Sec. Admin.*, 2021

---

[3] Plaintiff further asserts that there is "a real conflict" in the VE's job estimates as "the DOT does not contain job number data." Dkt. 14, at *11. As discussed above, the VE explained that he relied on his education and experience to make these estimates, and any objection Plaintiff has to this methodology has been forfeited.

[4] Plaintiff further supports this argument by explaining that "housekeepers come into frequent daily contact with one another." Dkt. 14, at *12 (citing *E.E.O.C. v. Harper Grace Hospitals*, 689 F. Supp. 708, 712 (E.D. Mich. 1988)). Not only does Plaintiff rely on an opinion with no precedential value to make this assertion but Plaintiff also fails to explain how frequency of contact equates with ability to work in

3

WL 928401, at *3 (S.D. Ohio Mar. 11, 2021). In that case, the court did not find that the testimony conflicted with the DOT but the claimant's ability to perform the jobs proposed by the VE "was brought into question by the [VE's] own testimony." *Id.* The VE provided the housekeeper job as a representative occupation that the claimant could perform despite her "limitations of 'no over-the-shoulder supervision' and 'no tandem or shared tasks.'" *Id.* at *3-4. The VE went on to directly contradict this statement when "[h]e testified that if the individual would not be able to withstand any 'over-the-shoulder supervision' or 'tandem tasks,' such limitations would be an obstacle for the housekeeping cleaner job." *Id.* at *4.

No such internal inconsistency can be found here. The VE found that Plaintiff, despite his limitations, would be able to perform the duties of the housekeeper job and that the job would require about a week of training. R. 1622, 1628. Nothing about this is contradictory. Thus, Plaintiff's only alleged conflict is between the VE's testimony in this case and testimony provided in a case reviewed by a court in Ohio.[5] The ALJ is only tasked with "inquir[ing] into and resolv[ing] apparent conflicts" with the DOT or within the VE's own testimony, not, as Plaintiff's argument suggests, the impossible task of exploring any potential conflict with testimony from all other VEs. *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008).

Second, Plaintiff finds "an obvious and apparent conflict between the requirement of 'frequent reaching' in the DOT [definition of the housekeeper position] and Plaintiff's RFC limitation to 'occasional overhead reaching bilaterally.'" Dkt. 14, at *13 (citing *Michael Louis W. v. Kijakazi*, No. 20CV2277-LL(MSB), 2022 WL 2701988, at *18 (S.D. Cal. July 12, 2022), *report and recommendation adopted*, 2022 WL 2918613 (S.D. Cal. July 25, 2022)). Once again, Plaintiff exclusively relies on non-precedential opinions from out-of-circuit courts which this Court does not find persuasive.[6]

Here, the ALJ found that Plaintiff is restricted to "occasionally reach[ing] overhead and frequently reach[ing] in all other directions." R. 23. The housekeeper job, as defined by the DOT, requires frequent reaching. *DOT*, 323.687-014 Cleaner, Housekeeping (4th ed. 1991), 1991 WL 672783. Reaching is defined as the ability to "extend[] the hands and arms *in any direction*." *Titles II & XVI: Capability to Do Other Work*, SSR 85-15, 1985 WL 56857, at *7 (S.S.A. Jan. 1, 1985) (emphasis added). While the DOT does not describe the directionality of the frequent reaching required in this position, it certainly does not say that the job requires frequent reaching in *all* directions. With no guidance from the DOT, the ALJ appropriately relied on the VE to consider this limitation and generate job numbers. *See Biafora v. O'Malley*, No. 22-cv-469-jdp, 2024 WL 1327358 (W.D. Wisc. Mar. 28, 2024).

---

tandem with others. *See Schmidt v. Kijakazi*, No. 21-cv-0319-bhl, 2022 WL 17584173, at *2 (E.D. Wisc. Dec. 12, 2022) (compiling cases that distinguish between quantity and quality of interactions).

[5] Notably, the VE's testimony in *Reed* was unclear as to whether over-the-shoulder supervision or tandem tasks would be required during the job training period, so it is not obvious that this testimony contradicts the VE's testimony in this case either.

[6] Plaintiff cites one Seventh Circuit opinion to support this argument. However, the cited opinion does not support Plaintiff's contention that the housekeeping position requires frequent overhead reaching as it involved different DOT job classifications and ultimately rejected an argument similar to the one raised by Plaintiff here. *Seamon*, 364 Fed. App'x at 249.

Notably, the VE specifically cited his reliance on his own expertise in reference to the "directional use of arms." R. 1625. Thus, it is clear that the VE understood the limitations of the DOT in this context and considered the directional reaching restriction provided in the ALJ's hypothetical. Finding no apparent conflict between the DOT definition and the VE's well-reasoned testimony, Plaintiff's only remaining argument relies on the "common experience" that suggests hanging drapes and replenishing supplies "likely and foreseeably may involve reaching overhead." Dkt. 14, at *13-14. It may certainly be true that the housekeeper position requires reaching overhead. But Plaintiff is not incapable of reaching overhead. He is simply limited to doing it only occasionally. With "no evidence that the housekeeper position would require frequent *overhead* reaching, there is no actual conflict between the VE's testimony and the DOT." *Seamon v. Astrue*, 364 Fed. App'x 243, 249 (7th Cir. 2010) (citation modified).[7]

To reiterate, the VE's testimony contained "no obvious flaws" and Plaintiff's counsel did not object to the testimony at the hearing or in a post-hearing brief. *Schmitz*, 124 F.4th at 1035. As such, "the ALJ was entitled to credit [the VE's] opinions." *Id.* Moreover, Plaintiff did not object to the VE's qualifications, the VE's "testimony was consistent with the DOT (which the ALJ confirmed by questioning the VE at the hearing)," and the VE "testified that he drew on his experience and training to shape his testimony." *Thorpe*, 2025 WL 2169309, at *4 (citation modified). Therefore, the ALJ's finding at step five was supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reversal and remand is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: September 5, 2025  By: _____
Michael F. Iasparro
United States Magistrate Judge

---

[7] The Court sees no occasion to address Plaintiff's argument that the feather renovator position is obsolete as Plaintiff does not dispute that the housekeeper position makes up a significant number of jobs on its own.